IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES EARL DAVIS,       § | |
| §          Movant,          § | |
| § | |
| v.                           § | No. 3:19-cv-1775-D (BT) |
| § | No. 3:17-cr-0010-D (BT) |
| USA,                        § | |
| §          Respondent.      § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Movant, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should grant the government's motion to dismiss and dismiss this case as premature.

I.

Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and was sentenced to a total of 57 months in prison. On April 30, 2019, the Fifth Circuit Court of Appeals affirmed. *Davis v. United States*, 769 F. App'x 129 (5th Cir. 2019). Movant's petition for writ of certiorari is currently pending before the Supreme Court. *Davis v. United States*, No. 19-5421 (2019). The government filed a motion to dismiss this case due to Petitioner's pending certiorari petition. *See* ECF No. 8.

1

The Court finds the Government's motion to dismiss should be granted. Due to the pending certiorari petition, Petitioner's conviction is not yet final. *See Clay v. United States,* 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Further, a "motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by U.S. v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Therefore, the Court should grant the government's motion to dismiss.

II

For the foregoing reasons, the Court should grant the government's motion to dismiss (ECF No. 8) and dismiss this case as premature.

Signed September 23, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).